## No. 6232.

IN THE MATTER OF THE ESTATE OF F. NORBERT MARIONNEAUX. OPPOSITION OF JOHN A. DARDENNE.

The agreement made by the tutrix before she qualified, by which she practically gave away a portion of the property of the minor, was null. It makes a part of the legislation and the policy of all those nations whose laws are derived from the same source as ours to stamp as null and void the alienation of the property of persons under age, when the forms prescribed by law for their protection have not been pursued.

Why any family meeting should suppose that it was to the advantage of the minor to reduce from nine thousand to three thousand dollars a debt which was secured by a mortgage and vendor's privilege on property shown to have been worth at least five thousand dollars cash, it is not easy to imagine. But, whatever may have been their motive for the advice, the tutrix did not act on it; on the contrary, she caused another family meeting to be convoked, who advised against the act.

The question whether the second family meeting had authority or not to revise the action of the first one is immaterial. If conceded that it could not, it is not perceived how that benefits the opponent.

If the probate court in its discretion saw fit to appoint a second family meeting to give their advice touching the interests of the minor, it was certainly competent for the family meeting to do so without reference to what had been done by any former family meetings; and, on the application of the tutrix to have the deliberations of the last family meeting confirmed, the court could confirm or reject it as in its judgment was proper. The opposition of John A. Dardenne should have been rejected.

APPEAL from the Parish Court, parish of Iberville. *Cole*, J. *George Wailes*, for the succession, appellant. *Barrow & Pope*, for Dardenne, opponent and appellee.

LUDELING, C. J. In September, 1874, Mrs. Marionneaux, the widow of F. Norbert Marionneaux, signed an agreement whereby she consented to release John A. Dardenne from paying two thirds of a note for nine thousand dollars, which he had executed in favor of said Norbert Marion-

neaux before his death for the price of a plantation.   The said deceased
left a minor child as sole heir to his estate.   The said agreement was
signed by Mrs. Marionneaux before she had qualified as natural tutrix
of her child.   After she had been confirmed and qualified she applied to
the probate judge to appoint a family meeting to advise touching the in-
terest of the minor in relation to the agreement to release Dardenne from
the payment of two thirds of his note.   The family meeting was con-
voked, and they advised that the said agreement was for the advantage
of the minor.   The proceedings of this family meeting were not con-
firmed by the court, but, instead of praying for the homologation of the
proceedings of said family meeting, the tutrix prayed for another family
meeting to give their advice in regard to the business.   The second
family meeting advised that it was not for the interest of the minor that
the agreement should be made.   The tutrix then presented the proceed-
ings of this family meeting to the court for homologation, when Dar-
denne, the debtor, opposed the homologation of the proceedings of the
second family meeting, and prayed that those of the first family meeting
be homologated, which was done by the court a qua.

The agreement made by the tutrix before she qualified, by which she
practically gave away a portion of the property of the minor, was null.
"It makes a part of the legislation and the policy of all those nations
whose laws are derived from the same source as ours to stamp as null
and void the alienation of the property of persons under age, when the
forms prescribed by law for their protection have not been pursued."   8
M. 626; 11 R. 504; 12 R. 636; 20 An. 64.

Why any family meeting should suppose that it was to the advantage
of the minor to reduce from nine thousand dollars to three thousand
dollars this debt, which was secured by a mortgage and vendor's privi-
lege on property shown to have been worth at least five thousand dollars
in cash, it is not easy to imagine.   But, whatever may have been their
motive for the advice, the tutrix did not act on it, but, on the contrary,
she caused another family meeting to be convoked, who advised against
the act.   It is contended that the second family meeting had no author-
ity to revise the action of the first family meeting.   If this be conceded,
it is not perceived how that benefits the opponent.   If the probate court,
in its discretion, saw fit to appoint a second family meeting to give their
advice touching the interests of the minor, it was certainly competent for
the family meeting to do so, without reference to what had been done by
any former family meetings; and, on the application of the tutrix to have
the deliberations of the last family meeting confirmed, the court could
confirm or reject it as in its judgment was proper.

After a careful examination of the evidence, we believe the second
family meeting properly refused to advise the completion of the agree-

ment. We also think that the opposition of John A. Dardenne should have been rejected.

It is therefore ordered and adjudged that the judgment of the lower court be reversed, that the proceedings of the second family meeting be confirmed with costs against opponent.

Rehearing refused.